USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: __1/9/2024__

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

RAHUL MANCHANDA,                                    :          23-CV-9403 (JHR) (RWL)
                                                    :
                    Plaintiff,                      :
                                                    :
        - against -                                 :          **ORDER**
                                                    :
SHI SHI WANG,                                       :
*NYS Assistant Attorney General, et al*,            :
                                                    :
                    Defendants.                     :
------------------------------------------------------------X

**ROBERT W. LEHRBURGER, United States Magistrate Judge.**

        This order resolves Plaintiff's letter at Dkt. 31 denominated as a motion to recuse.

The motion is denied.  "[R]ecusal motions are committed to the court's sound discretion."

*Weisshaus v. New York,* No. 08-CV-4053, 2009 WL 4823932, at *3 (S.D.N.Y. Dec. 15,

2009) (quoting *Wright v. Commissioner of Internal Revenue*, 571 F.3d 215, 220 (2d Cir.

2009), *aff'd*, 471 Fed. App'x 21 (2d Cir. 2012)).  Indeed, a judge has an "affirmative duty"

not to unnecessarily self-disqualify.  *See LoCascio v. United States*, 473 F.3d 493, 498

(2d Cir. 2007); *National Auto Brokers Corp. v. General Motors Corp.*, 572 F.2d 953, 958

(2d Cir. 1978).  To recuse myself based on the facts presented by Plaintiff would be a

violation of my affirmative duty not to unnecessarily disqualify myself.

        Plaintiff's motion appears to be animated by his dissatisfaction with the Court's

earlier rulings in this case and previous cases.  That is no reason for disqualification.  A

"trial judge must be free to make rulings on the merits without the apprehension that if he

makes a disproportionate number in favor of one litigant, he may create the [appearance]

of bias."  *Metropolitan Opera Association, Inc. v. Local 100*, 332 F. Supp. 2d 667, 670

(S.D.N. Y 2004) (internal quotations omitted); *see also Markus v. United States*, 545 F.

Supp. 998, 1000 (S.D.N.Y. 1982) ("If adverse rulings during the course of a litigation were to be accepted per se to disqualify a judge on the ground that his impartiality might reasonably be questioned, then every disappointed litigant would have it within his power to remove a judge from continuing with the case assigned to him.  It would open the way to 'judge shopping.'"), *aff'd*, 742 F.2d 1444 (2d Cir. 1983).

Plaintiff also expresses concern that the Court has not provided sufficient direction to him with respect to service on the Department of Health and Human Services ("HHS"). The Court disagrees.  In docket 25, the Court drew Plaintiff's attention to his own exhibits in which the process server he retained explained to Plaintiff that HHS, located at 200 Independence Ave., Washington D.C., does not accept personal service; instead, service must be made by mail to that address.  *See also* 45 C.F.R. 4.1.  Plaintiff did not file any affidavit or other document indicating that he did so.  The Court thus denied Plaintiff's motion to compel HHS to appear and respond without prejudice to a future application in the event that Plaintiff effects service by mail and files the requisite proof of service, and HHS fails to appear and respond.  (*See* Dkt. 25.)  Accordingly, Plaintiff need only properly serve HHS by mail at 200 Independence Avenue and file a corresponding affidavit of service.

SO ORDERED.

_____
ROBERT W. LEHRBURGER
UNITED STATES MAGISTRATE JUDGE

Dated: January 9, 2024
       New York, New York

Copies transmitted this date to all counsel of record.